UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN ELDRIDGE JACOBS,<br><br>　　Plaintiff,<br><br>v.<br><br>DETROIT POLICE STATION, et al.,<br><br>　　Defendants. | Case No. 25-cv-12472<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

　　Nathan Jacobs commenced what appears to be a 42 U.S.C. § 1983 action against several City of Detroit police officers and unnamed federal agents. The allegations seem to pertain to his previous federal conviction on unspecified criminal charges.[1]

　　Before the Court is Jacobs's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and

---

[1] A federal jury convicted Jacobs of felon in possession of a firearm in September 2002. (Case No. 01-cr-80771, ECF No. 53-54). United States District Judge Robert E. Cleland sentence him to 252 months incarceration. (*Id.*, ECF No. 69, PageID.97).

allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

42 U.S.C. § 1983 claims arising in Michigan have a three-year limitations period. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020); *see also* Mich. Comp. Laws § 600.5805(2). The statute of limitations "begins to run when

the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Garza*, 972 F.3d at 867 n.8 (quotation omitted).

The complaint alleges that the incident providing the basis for Jacobs's section 1983 claim occurred on August 16, 2001.[2] (ECF No. 1, PageID.2). Because the statute of limitations on this claim expired more than 20 years ago it is now untimely. Accordingly,

IT IS ORDERED that Jacobs's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Jacobs may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[2] This same date is listed as the "date offense concluded" on Jacobs's judgment of conviction. (Case No. 01-cr-80771, ECF No. 69, PageID.96).

Dated: August 14, 2025                    s/ Robert J. White
                                     Robert J. White
                                     United States District Judge


Dated: August 14, 2025

s/ Robert J. White  
Robert J. White  
United States District Judge